IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME L. GRIMES                           *

Plaintiff,                                 *

    v.                                  *   Civil Action No. PX-17-2331

MCP OFFICER ROBERT FARMER #2593            *
MONTGOMERY COUNTY POLICE
  DEPARTMENT (*MCPD*)(*Rockville*)          *

Defendants.                                *
                                          *****

MEMORANDUM

On or about August 11, 2017, a complaint and motion to proceed in forma pauperis were filed by Jerome L. Grimes. ECF Nos. 1 & 2. Grimes, who is self-represented, is a patient at the Springfield Hospital Center in Sykesville, Maryland. As best as this court can discern from his writings, Grimes takes issue with the "illegal intimidation" imposed after he incurred traffic offenses which led to his involuntary admission to a mental health facility. He accuses the Montgomery County Police Department of failing to train an officer to "tell the truth on all statements, reports, and citations…" Grimes further alleges that a Montgomery County Police officer failed to contact dispatch to abort an automobile tow. ECF No. 1, pp. 6-8. He seeks cumulative damages in the amount of $540,000.00.

An examination of the state court docket reveals there were eight Montgomery County traffic cases involving Grimes in 2016.[1] In addition, on February 26, 2017, a warrant was issued

---

[1] Grimes was cited for the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *See State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH,

for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County, where on July 12, 2017, Grimes pleaded guilty to one count of telephone misuse and was sentenced to a three years imprisonment, all suspended, with 105 days credit for time served, and one year probation. *State v. Grimes*, Case Number 131689C (Circuit Court for Montgomery County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in federal court throughout the country. In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Judge Jeffrey S. White noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken observed that "[t]he Court had routinely granted [Grimes] leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,.* Civil Action No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District

---

26WODHH, & 16XODHH (District Court For Montgomery County). All citations were nolle prossed on July 24, 2017. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). This court takes judicial notice of these relevant and indisputable filings. *See Nolte v. Capital One Fin. Corp.,* 390 F.3d 311, 317 n. * (4th Cir. 2004).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant incoherent complaint, generously construed, directly challenges Grimes' traffic citations in Maryland. He does not allege that he is under imminent danger of serious physical injury. The case as filed will not proceed. Grimes is forewarned that should he attempt to file any future civil rights action in this court, it must be accompanied by the civil filing fee and must establish that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.

Date: September 27, 2017           /S/
                                   Paula Xinis
                                   United States District Judge